[No. 6228.]

MILLER ET AL. v. YOCKEY.

1. **Pleadings—Amendments—Laches** — An unexplained failure to present an amendment to a pleading for six months after its preparation, is sufficient ground to deny leave to file it.—(305)

It is not error to reject an amendment, offered at the end of the trial, where the matter thereof is immaterial and manifestly must have been within the knowledge of the party at the time of the preparation of his pleading, and there is no showing that the omission was inadvertent.—(305)

2. **Contracts — Alteration of Writings** — Defendant entered into a written agreement with plaintiff to perform certain repairs on her buildings. Plaintiff, to enable him to purchase the necessary material, advanced him a sum of money; for which he executed his promissory note. In an action on the note, it appeared that plaintiff, after the execution of the papers, had written across the top of a copy of the contract furnished to defendant, words importing that it was to be completed "within ninety days." Held, that this memorandum had not the effect to avoid the note.—(305; 306)

3. **Contract — Abandonment — Effect** — Nothing is to be allowed for part performance of a contract afterwards voluntarily abandoned by the party, merely because of the dispute as to its construction.—(306)

*Appeal from Denver District Court* — Hon. GREELEY W. WHITFORD, Judge.

Mr. F. D. TAGGART for appellants.

Mr. ERNEST MORRIS for appellee.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This is an action on a promissory note. In the county court, and in the district court on appeal, judgment was rendered against the defendants, who are appellants here, for the amount of the note.

Now, after careful study of the abstract and briefs, as well as what was said in oral argument, it is impossible to discover such error as would warrant a reversal. Just before entering into the trial in the district court, on January 16, the defendants moved for leave to file an amended answer. This

answer was prepared in July preceding, and before the trial in the county court in August. No showing of any kind appears why the defendants ought to have been permitted to file this, and no ground is apparent to excuse the keeping of it for six months without an effort to file it. The court denied the motion, and it cannot be said that error was committed in doing so under the circumstances. At the end of the trial, the defendants moved for leave to amend their answer, in several particulars, by interlineation, to conform to the facts proven, alleging surprise and inadvertence. This motion was denied. A careful study of the request reveals that the several matters sought to be put into the answer were, in their very nature, such as must have been known to the defendants before the commencement of the action, and surprise could not exist, nor is it made to appear wherein or how the omission of these matters from the original answer was due to inadvertence. If the court had permitted the interlineation, it does not appear that the answer would have been any better. Under these circumstances, it cannot be said that the court committed any error in refusing the request to amend. Miller entered into a written contract with Mrs. Yockey to furnish material and perform labor in making certain repairs about buildings and fences on her ranch. In order to enable him to purchase the material, she loaned him $300.00, and he gave her the note sued on. The note was mentioned in the written contract. There was but one original copy of the contract. She took the contract and note and it was arranged that a copy should be given Miller, which he received about three weeks later. Across the top of this copy, Mrs. Yockey wrote the words: "This agreement to be completed

(20)

within 90 days." The contract was silent as to the time of completion, and these words were not inserted nor written on it. The answer alleges that the contract was materially altered by the insertion of these words, and that thereby the note and contract became void and of no effect. It was the theory of the defense that the copy was a duplicate original of the contract, and that it, the other duplicate original, and the note were three papers forming one entire contract, and that a material alteration of the one by Mrs. Yockey, without Miller's consent, avoided all. The note was one contract, the written agreement signed by Miller another, and the copy was not a duplicate original. The defendants' theory is untenable. A letter from Mrs. Yockey, offered in evidence by the defendants, shows that her construction of the contract was that, inasmuch as it was silent as to the time of completion, it was to be performed in a reasonable time, and that ninety days was a reasonable time. The defendants endeavored to counter-claim against the note the amount of certain material and labor, which the answer alleged was furnished towards the completion of the contract. It does not appear that Miller ever completed the contract, or that Mrs. Yockey ever prevented him from doing so. The only excuse he appears to offer for not proceeding with it was that Mrs. Yockey put a different construction on it than he did. A party cannot recover for what he may have done toward the carrying out of a contract, which he has, without cause, abandoned and failed to perform. The judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GABBERT concur.